UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LEE D. WISEMAN,<br><br>  Plaintiff,<br><br>  v.<br><br>BURLINGTON NORTHERN SANTA FE RAILWAY COMPANY, *et al.*,<br><br>  Defendants. | No. CV07-867RSL<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO AMEND COMPLAINT AND FOR REMAND |

This matter comes before the Court on plaintiff's "Motion to Amend the Complaint, to Join Additional Defendant and for Removal" (Dkt. #11). Pursuant to 28 U.S.C. § 1447(e), plaintiff seeks to amend his complaint to add the State of Washington as a defendant. If the Court permits the addition of the State of Washington to plaintiff's complaint, diversity will be destroyed and remand would be required. For the reasons discussed below, plaintiff's motion is granted.

Plaintiff was severely injured after being struck by a Sound Transit Train while crossing tracks owned by defendants Burlington Northern Santa Fe Railway Company and Burlington Northern Santa Fe Corporation (collectively "BNSF") near Safeco Field. Plaintiff originally filed suit against defendants in King County Superior Court on May 18, 2007. BNSF removed to this Court on diversity grounds. Plaintiff currently has two other cases pending against a number of other defendants in King County Superior Court involving the same set of facts that

form the basis of this suit.

BNSF opposes plaintiff's current motion on a number of grounds. First, it contends that permitting plaintiff to amend his complaint and add the State of Washington as a party would violate the rule against claim splitting in Washington. The merit of BNSF's claim splitting argument is not a question that this Court is well suited to address. Plaintiff has already filed a motion to consolidate his two pending actions in King County Superior Court. The Court presumes plaintiff would also seek to consolidate this case if it were remanded. If not, defendants and the State of Washington would be free to address any claim splitting arguments in King County Superior Court.

BNSF also contends that the Court should exercise its discretion under 28 U.S.C. § 1447(e) to deny plaintiff's motion. In deciding whether to allow plaintiff to amend a complaint to add non-diverse defendants, courts generally consider the following factors:

> (1) whether the party sought to be joined is needed for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a); (2) whether the statute of limitations would preclude an original action against the new defendants in state court; (3) whether there has been unexplained delay in requesting joinder; (4) whether joinder is intended solely to defeat federal jurisdiction; (5) whether the claims against the new defendant appear valid; and (6) whether denial of joinder will prejudice the plaintiff.

IBC Aviation Servs., Inc. v. Compania Mexicana de Aviacion, S.A. de C.V., 125 F. Supp.2d 1008, 1011 (N.D. Cal. 2000). Weighing these factors, the Court concludes that remand is appropriate. The first factor is met "when failure to join will lead to separate and redundant actions." Id. Plaintiff currently has actions proceeding both in this Court and in King County Superior Court. Requiring plaintiff to litigate "essentially the same issues in two forums would be a waste of judicial resources and risks inconsistent results." Id. at 1012. This factor weighs in favor of granting plaintiff's motion.

BNSF next argues joinder and remand is inappropriate because plaintiff's effort to add the State of Washington is motivated solely by a desire to defeat federal jurisdiction and that his claims against the State of Washington do not appear to have merit. The Court disagrees.

ORDER GRANTING PLAINTIFF'S
MOTION TO AMEND COMPLAINT
AND FOR REMAND -2

Plaintiff's theory of his case is that at least five separate entities are at relative fault for his injuries. These entities include both defendants and the State of Washington. Indeed, even BNSF has alleged in its answer that plaintiff's injuries were caused by "the City of Seattle and the State of Washington Department of Transportation." BNSF attempts to minimize the importance of this fact by arguing that this allegation was one of ten affirmative defenses relating to the apportionment of fault under RCW 4.22.070. That the State of Washington and BNSF may disagree about their respective apportionment of fault supports plaintiff's contention that joinder is appropriate and not motivated by a simple desire to defeat federal jurisdiction.

Having reviewed plaintiff's request in light of the relevant factors, the Court concludes that amendment is warranted.[1] For the foregoing reasons, plaintiff's motion to amend the complaint, to add an additional defendant and for remand (Dkt. #11) is GRANTED. This case is REMANDED to King County Superior Court. The Clerk of the Court is directed to transmit a copy of the file to King County Superior Court.

DATED this 14th day of September, 2007.

_____
Robert S. Lasnik
United States District Judge

---

[1] BNSF does not argue that the second and third factors weigh in their favor, and the Court does not address them in this Order. Given the presence of other similar actions in state court, the Court also concludes that a denial of joinder would prejudice plaintiff. Thus, the sixth factor also weighs in favor of granting plaintiff's motion.

ORDER GRANTING PLAINTIFF'S
MOTION TO AMEND COMPLAINT
AND FOR REMAND -3